Affirmed and Memorandum Opinion filed November 17, 2005









Affirmed and Memorandum Opinion filed November 17,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01164-CR

____________

 

ANTHONY HUDSON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
23rd District Court

Brazoria County,
Texas

Trial Court Cause No.
45,471

 



 

M E M O R A N D U M   O P I N I O N








A jury convicted Anthony Hudson of harassment by persons in
certain correctional facilities. See Tex.
Pen. Code Ann. '22.11(a)(1).  The trial
court found allegations in five enhancement paragraphs true and sentenced
Hudson to confinement for thirty years in the Texas Department of Criminal
Justice, Institutional Division.  After
the instant appeal was perfected, appellate counsel filed a brief in compliance
with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978),
concluding there was no arguable error to support an appeal.  Hudson filed a pro se brief in which he
complains (1) trial counsel did not inform him that Sergeant Jones, the victim,
would be at trial, (2) trial counsel withheld Sergeant Jones= discipline record, the reason
Sergeant Jones was fired, and Sergeant JoOnes= reputation of assaults, (3) trial
counsel did not notify the trial judge that Hudson=s constitutional rights were ignored,
and (4) trial counsel refused to present the grievance Hudson filed on Sergeant
Jones before and after the incident.  

Hudson cites no authority and makes no references to the
record.  See Tex. R. App. P. 38.1(h).  Moreover, the record before this court does
not corroborate Hudson=s allegations.  AGenerally the record on direct appeal
will not be sufficient to show that counsel's representation was so deficient
as to meet the first part of the Strickland standard.  The reasonableness of counsel's choices often
involves facts that do not appear in the appellate record.  A petition for writ of habeas corpus usually
is the appropriate vehicle to investigate ineffective‑assistance claims.@ 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)
(footnotes omitted).  The record before
this court does not establish trial counsel=s performance was deficient.  See Strickland v. Washington, 466 U.S.
668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). 

We have carefully reviewed the record and counsel's brief,
and find no arguable error requiring us to order appointment of new
counsel.  Compare Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App.1991). 
Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered
and Memorandum Opinion filed November 17, 2005.

Panel consists of
Justices Fowler, Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).